UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK MICHAEL KENNEY,

Petitioner,

v. 

Case Number 06-11669-BC
Honorable Thomas L. Ludington

DOUG VASBINDER,

Respondent.
_____________________________________/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS BUT GRANTING A CERTIFICATE OF APPEALABILITY**

Petitioner Patrick Michael Kenney has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Oakland County, Michigan of two counts of felonious assault and two counts of possession of a firearm during the commission of a felony (felony firearm). He was sentenced as a habitual offender to two years in prison for the felony firearm convictions, followed by one to six years for the felonious assault convictions. Petitioner alleges that he is incarcerated in violation of his Sixth Amendment right to the assistance of counsel at a critical proceeding. Respondent asserts in an answer to the habeas petition that Petitioner's claim is procedurally defaulted and lacks merit. The Court agrees that Petitioner's claim lacks merit. Therefore, the habeas petition will be denied.

I.

Petitioner was charged with three counts of felonious assault, MICH. COMP. LAWS § 750.82, and three counts of felony firearm, MICH. COMP. LAWS § 750.227b. The charges arose from allegations that Petitioner pointed a double-barred shotgun at three deputy sheriffs during the

execution of an arrest warrant at his home. The three officers were Michael Reeves, Russ Yeiser, and Sergeant Glen Walker. All three officers testified against Petitioner at trial. Petitioner's defense was that he did not realize the men were police officers and that he thought he was being robbed. He testified that he cooperated with the officers when he realized who they were and that he did not point a gun at the officers except to hand his gun to them.

On August 12, 2003, the jury found Petitioner guilty of two counts of felonious assault and two counts of felony firearm. Petitioner was acquitted of a third count of felonious assault and felony firearm. On September 2, 2003, the trial court sentenced Petitioner as a habitual offender to concurrent terms of two years in prison for each felony firearm conviction, followed by concurrent terms of one to six years for each felonious assault conviction.

Petitioner raised his habeas claim in an appeal from his convictions. The Michigan Court of Appeals affirmed Petitioner's convictions, *see People v. Kenney*, No. 251018, 2005 WL 354573 (Mich. Ct. App. Feb. 15, 2005), and on September 28, 2005, the Michigan Supreme Court denied leave to appeal. *See People v. Kenney*, 474 Mich. 872; 703 N.W.2d 812 (2005) (table).

Petitioner filed his habeas corpus petition on April 6, 2006. The sole ground for relief reads:

> Mr. Kenney was denied his Sixth Amendment right to the effective assistance of counsel at a critical stage of the proceedings, and the structural error mandates reversal, where the trial court communicated with the jury on a substantive matter in counsel's absence.

Respondent argues that Petitioner's claim is procedurally defaulted by Petitioner's failure to object at trial. Procedural default is not a jurisdictional bar to substantive review, *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005), *cert. denied*, 546 U.S. 1100 (2006); *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)), and Petitioner's claim lacks merit. Consequently, the Court will excuse the alleged procedural default

and proceed to address the substantive merits of Petitioner's claim, using the following standard of review.

II.

Petitioner is entitled to the writ of habeas corpus only if he can show that the state court's adjudication of his claim on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (Justice O'Connor's majority opinion on Part II). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id*. at 410 (emphasis in original). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409. Section "2254(d) dictates a highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the

benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (quotation marks and citations omitted).

III.

Petitioner claims that he was denied his constitutional right to counsel when the trial court gave a supplemental jury instruction in the absence of defense counsel. The Michigan Court of Appeals determined on review of this claim that the issue was not preserved for appeal because Petitioner did not raise his claim in the trial court. The state court of appeals reviewed the issue for "plain error" and concluded that Petitioner had failed to show plain error affecting substantial rights. In reaching this decision, the state court wrote:

> A criminal defendant is entitled to the assistance of counsel during all critical stages of the criminal proceedings. *People v. Kurylczyk*, 443 Mich. 289, 296; 505 N.W.2d 528 (1993). "Critical stages of the proceedings are stages 'where counsel's absence may harm the defendant's right to a fair trial,"' *People v. James Green,* 260 Mich. App. 392, 399; 677 N.W.2d 363 (2004), and include the trial stage. *People v. Russell,* 471 Mich. 182, 187-188; 684 N.W.2d 745 (2004). Where counsel is absent or otherwise unable to assist the defendant during a critical stage, the defendant is entitled to relief absent the showing of prejudice. *United States v. Cronic*, 466 U.S. 648, 658-659 n 25; 104 S. Ct. 2039; 80 L.Ed.2d 657 (1984).
>
> Whether a trial court's communication with a deliberating jury constitutes a critical stage of the proceedings depends upon the nature of the communication. Compare *French v. Jones,* 332 F3d 430 (CA 6, 2003) (giving a new, nonstandard supplemental instruction constituted a critical stage of the proceedings) with *Hudson v. Jones,* 351 F3d 212 (CA 6, 2003) (rereading instructions given during the original charge did not constitute a critical stage of the proceedings). This is consistent with state law, which draws different presumptions of prejudice depending on the nature of the communication. *People v. France,* 436 Mich. 138, 142-144; 461 N.W.2d 621 (1990).
>
> The communication at issue was of an administrative nature, *id.* at 165, and did not involve a new instruction on substantive law. Therefore, it did not constitute a critical stage of the proceedings. Pursuant to *France*, such a communication was not presumptively prejudicial, defense counsel did not object when informed of the communication (which is evidence that it was not prejudicial), and we cannot perceive "any possibility of prejudice" to defendant from the message informing the jury that the requested information was not available because it was not admitted into

> evidence. *Id.* at 143, 165. Accordingly, we find that defendant has failed to establish plain error.

*Kenney*, 2005 WL 354573, at *1.

A.

An accused person's right to be represented by counsel is a fundamental component of our criminal justice system, because lawyers are the means through which the rights of the person on trial are secured. *United States v. Cronic*, 466 U.S. 648, 653 (1984). The complete absence of counsel at a critical stage of trial renders the trial unfair and presumptively unreliable without a specific showing of prejudice. *Id*. at 659 & 659 n.25; *Moss v. Hofbauer*, 286 F.3d 851, 859-60 (6th Cir. 2002). Re-instructing a jury and instructing a jury on new and supplemental information are critical stages of a trial. *Van v. Jones*, 475 F.3d 292, 306 (6th Cir. 2007), *petition for cert. filed* (U.S. Aug. 10, 2007) (No. 07-5863); *Caver v. Straub*, 349 F.3d 340, 349-50 & 350 n.8 (6th Cir. 2003); *French v. Jones*, 332 F.3d 430, 438 (6th Cir. 2003). "Cases in which [the Sixth Circuit] has found denial of counsel at a critical stage invariably involve a court instructing the jury about the substantive elements of an offense or giving a deadlocked jury further instructions about how to proceed." *Valentine v. United States*, 488 F.3d 325, 335 (6th Cir. 2007) (citing *Caver* and *French*). The re-reading of specific jury instructions that were already read to the jury is not a "critical stage." *Hudson v. Jones*, 351 F.3d 212, 217-18 (6th Cir. 2003).

B.

The claimed absence of counsel in this case occurred during the jury's deliberations. Before reaching a verdict, the jury sent three messages to the trial court. In their first message, the jurors requested a break, and the trial court responded by giving the jurors a ten-minute break. In their second message, the jurors requested photographs of the house where the crime occurred. The trial

court responded by providing the jurors with the photographs.

The third message to the trial court is the one in dispute. It reads: "When exactly did Walker accusation occur?" The trial court did not have time to discuss the message with counsel. Consequently, the court sent a written note to the jurors, informing them that, "There is no testimony to this effect." When the trial court subsequently notified the attorneys of the jury's notes and the court's responses, neither the prosecutor, nor defense counsel, objected to the trial court's manner of handling the jury's messages. Both attorneys agreed that the trial court had responded correctly.

C.

The trial court's response to the jury's third message was not a re-reading of specific jury instructions. Nor was it a new and supplemental instruction on the substantive elements of an offense or an instruction to a deadlocked jury about how to proceed. It was a factual statement about the lack of evidence on a topic. The trial court said nothing that was "incurably damaging," *Van v. Jones*, 475 F.3d at 315, and there is not "a reasonable probability," *id*. at 313, that Petitioner suffered significant consequences when the trial court made the statement in the absence of counsel. Sergeant Walker's testimony was incriminating, but it is unclear what the jury meant by the "Walker accusation." Even if the meaning of the jurors' question was clear to the attorneys, they agreed that there was no testimony on the subject. Thus, Petitioner did not lose an irretrievable opportunity to defend himself. The trial court's response to the jury's third note amounted to a "procedural step" where counsel's absence was unnecessary to prevent "incurable prejudice." *Id*. at 315.

The Court concludes that the trial court's response to the jury's messages was not a critical stage of the trial. Therefore, defense counsel was not effective for failing to object at trial, and Petitioner was not deprived of his constitutional right to counsel.

IV.

The Michigan Court of Appeals identified the correct governing principle from the Supreme Court's decisions and reasonably applied federal law to the facts.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED**. However, because reasonable jurists could debate the Court's assessment of Petitioner's constitutional claim, the Court **GRANTS** a certificate of appealability.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: December 17, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 17, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS